**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ADINSON FIDEL ROJAS BRACHO,

Petitioner,

v.

Case No. 2:26-cv-03513-MIS-JFR

WARDEN, in his Official Capacity as Warden, Otero County Processing Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Adinson Fidel Rojas Bracho's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 2, filed October 19, 2026. Petitioner is a citizen of Venezuela who has resided in the United States for at least 3 years. See Pet. at ¶ 10 & ASC Appointment Notice, Pet. at p. 12 (providing him notice on April 21, 2023). Since arriving in the United States, Petitioner has successfully applied for Employment Authorization and maintained employment. Pet. at ¶¶ 15-16. He has no criminal history. Id. at ¶ 14. He has not been notified of any immigration violations, such as missed appointments or check-ins. Id. at ¶ 13. He has rented a home in El Paso, Texas, and has two children who are United States

citizens. Id. at ¶ 14 & pp. 14-15. Nevertheless, he was recently detained by immigration officers outside of his home while he was on the way to work. Id. at ¶ 11. He has remained in immigration custody since and is currently detained at the Otero County Processing Center in Chaparral, New Mexico. Id. at ¶¶ 1-2. In addition, Petitioner has not been provided with pre-deprivation notice or a bond hearing. Id. at ¶ 2, 12. As a result, Petitioner argues that his detention without pre-deprivation notice and a bond hearing violates his Fifth Amendment right to due process. Id. at ¶¶ 18-21. He seeks immediate release from detention. Id. at p. 4.

On October 22, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and, if so, whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief." Id.

As of the date of this Order, Respondents have not filed a response. See generally ECF. A party who fails "to file a response within the time specified . . . waives the right to respond or to controvert the facts asserted in the . . . motion." Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002). Accordingly, the Court finds that Respondents' failure to respond to the Petition and Order to Show Cause constitutes a concession that Petitioner is being detained in violation of the Immigration and Nationality Act and that Santillan Quiroz requires habeas relief.

Indeed, in Santillan Quiroz, the Tenth Circuit held "that noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." 180 F.4th at 1237. That is precisely the situation presented by this case. Accordingly, the Court finds that 8 U.S.C. § 1226(a) governs Petitioner's

detention, his continued detention without a bond hearing violates 8 U.S.C. § 1226(a), and, as such, he is entitled to habeas relief.

The Court further finds that Respondents failed to articulate a legitimate interest in Petitioner's continued detention and therefore orders his immediate release. See generally ECF. The Court further orders that Petitioner shall not be re-detained without a pre-deprivation bond hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk. Finally, the Court retains jurisdiction to ensure compliance with its Order.

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 2, is **GRANTED**;
2. Respondents are **ORDERED** to immediately release Petitioner Adinson Fidel Rojas Bracho from custody/detention, subject to reasonable conditions of release, such as electronic monitoring and regular check-ins;
3. Respondents shall return all of Petitioner's seized property to Petitioner;
4. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk;
5. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE